# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. KYLE JOSEPH TURNER, Defendant. | No. 15-CR-72-LRR<br>**ORDER** |

## *I. INTRODUCTION*

The matter before the court is Defendant Kyle Joseph Turner's "Motion to Dismiss" ("Motion") (docket no. 13).

## *II. RELEVANT PROCEDURAL HISTORY*

On July 29, 2015, the grand jury returned a one-count Indictment (docket no. 2) charging Defendant with possession of a firearm and ammunition by an unlawful drug user, in violation of 18 U.S.C. § 922(g)(3). On August 27, 2015, Defendant filed the Motion. On September 2, 2015, the government filed a "Resistance to Defendant's Motion to Dismiss" ("Resistance") (docket no. 14). In the Motion, Defendant requests a pretrial hearing, but the court concludes that a hearing is not necessary.[1] The Motion is fully submitted and ready for decision.

## *III. ANALYSIS*

The Motion challenges the Indictment on grounds that the offense charged, 18 U.S.C. § 922(g)(3), is unconstitutionally vague. Motion at 1. Defendant argues that "[t]he term 'unlawful user' has not been statutorily defined" and that "a person of ordinary

---

[1] The court also notes that Defendant's request for oral argument failed to comply with Local Rule 7.c, requiring that the request "be noted separately in . . . the caption" and "be supported by a showing of good cause." LR 7.c.

intelligence would have . . . to guess as to the meaning of the term." "Brief in Support of Motion to Dismiss" ("Brief") (docket no. 13-1) at 1, 4. The government contends that the constitutional challenge is premature because it merely anticipates trial evidence, and further contends that Eighth Circuit precedent is "sufficient to overcome any risk of constitutional vagueness the statute may present." Resistance at 2-3.

"[A] statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning . . . violates . . . due process of law." *Connally v. Gen. Constr. Co.*, 269 U.S. 385, 391 (1926). "It is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *United States v. Mazurie*, 419 U.S. 544, 549 (1975). Assessing vagueness as applied to a particular defendant ensures that the defendant "who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to others." *United States v. Yielding*, 657 F.3d 688, 715 (8th Cir. 2011) (quoting *Holder v. Humanitarian Law Project*, 561 U.S. 1, 18-19 (2010)). Because a vagueness challenge requires analysis of the facts of the case, where a defendant moves to dismiss an indictment on grounds of vagueness, "we consider the facts as alleged in the indictment." *United States v. Cook*, 782 F.3d 983, 985 (8th Cir. 2015) (quoting *United States v. Birbragher*, 603 F.3d 478, 481 (8th Cir. 2010)).

Because the statute at issue does not involve First Amendment freedoms, Defendant's vagueness challenge depends upon "the facts of the case at hand." *Mazurie*, 419 U.S. at 549. For purposes of the Motion, the court considers the facts as alleged in the Indictment. Count 1 of the Indictment reads:

> Possession of a Firearm and Ammunition by an Unlawful Drug User
>
> On or about June 11, 2015, in the Northern District of Iowa, defendant KYLE JOSEPH TURNER, then being an

> unlawful user of methamphetamine, a controlled substance as defined in 21 U.S.C. § 802, did knowingly possess, in and affecting commerce, a firearm and ammunition, namely a Mossberg 12-gauge shotgun, bearing serial number AT182457, and 12-gauge ammunition.
>
> This was in violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2).

Indictment at 1 (formatting omitted).

The Indictment alleges that Defendant was, at the relevant time, "an unlawful user of methamphetamine." *Id.* While it is true the Indictment "does not allege that . . . Defendant . . . engaged in regular use of methamphetamine," Brief at 4, such level of specificity is not required. "The test of the sufficiency of an indictment is not whether it could not have been made more definite and certain, but whether it contains the elements of the offense charged, and sufficiently apprises the defendant of what he must be prepared to meet." *United States v. Tebeau*, 713 F.3d 955, 962 (8th Cir. 2013) (quoting *United States v. Debrow*, 346 U.S. 374, 376 (1953)) (internal quotation marks omitted). "An indictment which 'tracks the statutory language' is ordinarily sufficient." *Id.* (quoting *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008)). In alleging that Defendant was "an unlawful user of methamphetamine, a controlled substance as defined in 21 U.S.C. § 802," the Indictment tracks the statutory language of 18 U.S.C. § 922(g)(3) and is, therefore, sufficient. *See* 18 U.S.C. § 922(g)(3) ("It shall be unlawful for any person . . . who is an unlawful user of . . . any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)) . . . to . . . possess in or affecting commerce, any firearm or ammunition."). Undergoing the necessary analysis for a vagueness challenge at this stage, the court must assume the facts in the Indictment and must, accordingly, assume that Defendant is "an unlawful user of methamphetamine."

Because 18 U.S.C. § 922(g)(3) clearly proscribes the possession of "any firearm or ammunition" by an unlawful user of methamphetamine, the statute is not

unconstitutionally vague as presently applied to Defendant. The court takes no position on the merits of Defendant's vagueness challenge as it may develop with evidence introduced in future proceedings. However, for purposes of the Motion, the court is bound by the Indictment. The Indictment alleges sufficient facts to make 18 U.S.C. § 922(g)(3) clear and non-vague within the context of its allegations. Accordingly, Defendant Kyle Joseph Turner's "Motion to Dismiss" (docket no. 13) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 10th day of September, 2015.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA