# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 15-CR-72-LRR |
| vs. | **ORDER** |
| KYLE JOSEPH TURNER, | |
| Defendant. | |

## I. INTRODUCTION

The matter before the court is Defendant Kyle Joseph Turner's "Motion to Dismiss" ("Motion") (docket no. 13).

## II. RELEVANT PROCEDURAL HISTORY

On July 29, 2015, the grand jury returned a one-count Indictment (docket no. 2) charging Defendant with possession of a firearm and ammunition by an unlawful drug user, in violation of 18 U.S.C. § 922(g)(3). On August 27, 2015, Defendant filed the Motion. On September 2, 2015, the government filed a "Resistance to Defendant's Motion to Dismiss" ("Resistance") (docket no. 14). On September 11, 2015, the court denied the Motion without a hearing. *See* September 11, 2015 Order (docket no. 25). On September 17, 2015, Defendant filed a Request for Evidentiary Hearing (docket no. 34), which included a request that the court reconsider its September 11, 2015 Order. That same day, the court granted the Request for Evidentiary Hearing. *See* September 17, 2015 Order (docket no. 35). On September 25, 2015, the government filed a "Supplemental Memorandum in Resistance to Defendant's Motion to Dismiss" ("Supplemental Resistance") (docket no. 38). On September 30, 2015, the court held an evidentiary hearing on Defendant's Motion. *See* September 30, 2015 Minute Entry (docket no. 40).

The Motion is fully submitted, the evidentiary record has been made and the matter is ready for decision.

### III.  RELEVANT FACTUAL BACKGROUND[1]

In June of 2015, Defendant was serving a probationary sentence for three state theft convictions.  Government Exhibit 2 at 2, 3.  In late May of 2015, Steven Warner of the Department of Corrections for the Sixth Judicial District of Iowa accompanied Defendant's probation officer on a visit to Defendant's home.  Defense Exhibit A at 4-5; *see also id.* at 6 (dating the initial home visit as "[t]wo or three weeks previous" to the June 11, 2015 visit).  During that initial visit, Defendant informed Warner that he possessed a shotgun. *Id.* at 4-5.  No action was taken at that time because, based on the facts known to Warner and Defendant's probation officer during the visit, such possession was not unlawful.  *See id.* at 5 (observing that Defendant was "not a felon and [that] he used [the shotgun] for hunting and home protection").

On a subsequent visit occurring June 11, 2015, Warner asked Defendant if he had been using methamphetamine and Defendant responded that he had used methamphetamine on June 8, 2015.  *Id.*; *see also* Government Exhibit 2 at 3 (reporting that Defendant "state[d] that he used methamphetamine on June 8, 2015").  Defendant further admitted that the shotgun was still in his possession at that time.  *See* Defense Exhibit A at 5 (testimony that Defendant acknowledged possessing a loaded shotgun on June 11, 2015).  During the visit, Defendant was unable to provide a urine sample for drug testing.  *Id.*

---

[1] The court finds the following facts from the plea agreement between Defendant and the government (which was conditional on the court's resolution of the Motion) marked as Government Exhibit 1 (docket no. 38-1), status reports relating to Defendant's state probation marked as Government Exhibit 2 (docket no. 38-2), police reports relating to a series of Defendant's prior arrests marked as Government Exhibit 3 (docket no. 38-3), urinalysis results from June 11, 2015, marked as Government Exhibit 4 (docket no. 38-4), a transcript of grand jury testimony marked as Defense Exhibit A (docket no. 42-1) and testimony from the evidentiary hearing held on September 30, 2015.

Accordingly, Warner instructed Defendant to report to a work release facility later in the day to provide a testable urine sample. *Id.* at 5-6. Before the visit concluded, Warner located the shotgun and various shotgun ammunition in Defendant's bedroom. *Id.* at 4.

As instructed, Defendant provided a urine sample at the work release facility later on June 11, 2015, and the sample tested positive for methamphetamine. Government Exhibit 4. At the time of testing, Defendant admitted to methamphetamine use during the week prior to that June 11, 2015 date. *Id.*; *see also* Government Exhibit 2 at 3 (reporting that, on separate occasions, Defendant admitted that he used methamphetamine on June 4, 2015, and on June 8, 2015). On July 29, 2015, Defendant was indicted for possession of a firearm and ammunition by an unlawful drug user.

## IV. ANALYSIS

In the Motion, Defendant argues that the Indictment must be dismissed because the offense charged, 18 U.S.C. § 922(g)(3), is unconstitutionally vague. Motion at 1. More specifically, Defendant argues that "[t]he term 'unlawful user [of . . . any controlled substance]' has not been statutorily defined" and that "a person of ordinary intelligence would have . . . to guess as to the meaning of the term." "Brief in Support of Motion to Dismiss" ("Brief") (docket no. 13-1) at 1, 4. The government argues that the Indictment and factual record in the case are sufficient to overcome any vagueness concerns as applied to Defendant. *See* Supplemental Resistance at 4.

### A. *Applicable Law*

"A statute is void for vagueness if it: (1) fails to provide a person of ordinary intelligence fair notice of what is prohibited, or (2) is so standardless that it authorizes or encourages seriously discriminatory enforcement." *United States v. Cook*, 782 F.3d 983, 987 (8th Cir. 2015) (quoting *Holder v. Humanitarian Law Project*, 561 U.S. 1, 18 (2010)) (quotation marks omitted). "It is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts

of the case at hand." *United States v. Mazurie*, 419 U.S. 544, 550 (1975). Assessing vagueness as applied to a particular defendant ensures that a defendant "who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *Cook*, 782 F.3d at 987 (quoting *Holder*, 561 U.S. at 18-19).

## B. Application

"The term 'unlawful user' is not . . . defined in the statute [18 U.S.C. § 922], but courts generally agree the law runs the risk of being unconstitutionally vague without a judicially-created temporal nexus between the gun possession and regular drug use." *United States v. Turnbull*, 349 F.3d 558, 561 (8th Cir. 2003) (compiling out-of-circuit cases reaching the same conclusion), *vacated on other grounds* 543 U.S. 1099 (2005). In other words, a prosecution under 18 U.S.C. § 922(g)(3) survives a vagueness challenge if the defendant (1) engaged in "regular drug use" and (2) did so at a time overlapping his possession of a firearm. *See id.* at 561-62; *see also United States v. Patterson*, 431 F.3d 832, 838-39 (5th Cir. 2005) (observing that "contemporaneousness and regularity" are required for sufficient, non-vague applications of § 922(g)(3)); *accord. United States v. Boslau*, 632 F.3d 422, 430 (8th Cir. 2011) (citing *Patterson* with approval).

The government has made a sufficient showing that Defendant's drug use was regular and that it overlapped with his possession of a firearm. In an office visit with his probation officer on June 23, 2015, Defendant admitted to using methamphetamine "2 to 3 times a week" with a last reported use on June 8, 2015. Government Exhibit 2 at 5. Defendant further stated that he had skipped scheduled meetings with his probation officer to avoid detection of his methamphetamine use. *Id.* Probation records reveal that two skipped meetings occurred on April 22, 2015 and June 8, 2015.[2] *Id.* at 3. This evidence

---

[2] Records also reveal that Defendant failed to provide a testable urine sample on
(continued…)

points to Defendant's regular drug use. Further, by his own admission to Warner and his probation officer, Defendant possessed a shotgun during a home visit conducted in late May of 2015—"[t]wo or three weeks" before the June 11, 2015 home visit. Defense Exhibit A at 6. Defendant remained in possession of the shotgun on June 11, 2015, when Warner identified the shotgun in Defendant's bedroom and Defendant acknowledged that he possessed it "for home protection." *See id.* at 4-5. When Defendant provided a urinalysis later on June 11, 2015, it revealed that methamphetamine remained in his system at that time. Government Exhibit 4 at 1.

The facts of Defendant's conduct establish the regularity and contemporaneousness components required for a non-vague application of 18 U.S.C. § 922(g)(3). Defendant's regular drug use—"2 to 3 times a week," spanning the period from April 22, 2015 and June 8, 2015 and resulting in methamphetamine remaining in his system on June 11, 2015—overlapped with his possession of a shotgun during the late-May and June 11, 2015 home visits. As such, Defendant's conduct was clearly proscribed by 18 U.S.C. § 922(g)(3). Because such conduct clearly fell within the statute's prohibition, the statute provided sufficient notice and was not arbitrarily enforced as applied to Defendant. Accordingly, Defendant's challenge to the statute as unconstitutionally vague must fail.

### V. CONCLUSION

In light of the foregoing, Defendant Kyle Joseph Turner's "Motion to Dismiss" (docket no. 13) is **DENIED**.

**IT IS SO ORDERED.**

---

[2](…continued)
May 29, 2015, and failed to call his probation officer about the issue when instructed to do so. Governments Exhibit 2 at 3. While this is not a skipped meeting, it is consistent with Defendant's admitted pattern of trying to avoid detection of his drug use during this time period.

**DATED** this 27th day of October, 2015.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA